```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

JAYNELLE BURTON,                        )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )    Civil No. 2011-99
                                        )
HORCHOW COMPANY, and NEIMAN MARCUS,     )
                                        )
            Defendants.                 )
                                        )
```

APPEARANCES:

**Jaynelle Burton**
St. Thomas, VI
    *Pro se plaintiff,*

**Horchow Company,**
*Unrepresented entity,*

**Neiman Marcus,**
*Unrepresented entity.*


<u>ORDER</u>

**GÓMEZ, J.**

The plaintiff, Jaynelle Burton ("Burton"), initiated this action on September 15, 2011. Subsequently, the Magistrate Judge ordered Burton to file an amended complaint by January 7, 2012, specifically alleging the factual basis for this Court's jurisdiction. Burton failed to file an amended complaint. The Magistrate ordered Burton to show cause at a hearing, scheduled to take place on July 5, 2012, why this action should not be dismissed for lack of prosecution. Burton did not appear at the hearing.

The Magistrate then rescheduled the hearing for August 1, 2012. Burton personally appeared for this hearing. At the conclusion of the hearing, the Magistrate ordered Burton, not later than September 1, 2012, to submit an amended complaint including allegations asserting a factual basis for jurisdiction. The Magistrate also scheduled another hearing for September 5, 2012.

There is no record of Burton paying a filing fee or of this Court granting her permission to proceed *in forma pauperis* in the above-captioned matter. Burton failed to file an amended complaint. Burton also failed to appear at the September 5, 2012, hearing. To date, Burton has not responded to the Court's December 8, 2011, Order. Burton has also failed to timely serve process.

"[A] complaint is not formally filed until the filing fee is paid. . . ." *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996). Paying the filing fee, or receiving permission to proceed *in forma pauperis*, is necessary to commence an action. *See id.* at 191 (stating that a filing fee requirement may be satisfied "either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application"). Burton has not paid a filing fee, nor has she been granted permission to proceed *in forma pauperis*. As such, there is no petition which has been "filed" such that this Court could rule on it.

The premises considered, it is hereby

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

                                    S\_____
                                        **Curtis V. Gómez**
                                        **District Judge**